IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIEN LOUNG SAETEUN,<br><br>Petitioner,<br><br>v.<br><br>SERGIO ALBARRAN, et al.,<br><br>Respondents. | Case No.  26-cv-04743-CRB<br><br>**ORDER DENYING MOTION TO DISSOLVE OR MODIFY TRO AND EXTENDING TRO** |

Respondents move the Court, pursuant to Rule 65(b)(4) of the Federal Rules of Civil Procedure, to dissolve or modify the TRO in this action. See Mot. to Dissolve (dkt. 23). As Respondents conceded at the hearing, Rule 65(b)(4) does not apply here, because Respondents had notice of the TRO. See Fed. R. Civ. P. 65(b) ("On 2 days' notice to the party who obtained the order without notice . . . "). The Court issued the TRO only after Respondents had both filed an opposition to the application, see Opp'n (dkt. 7), and appeared and argued at a hearing on the application, see Motion Hearing (dkt. 12). To the extent that Respondents' motion should be construed as a motion for reconsideration, such motion would also fail. See Civil L.R. 7-9(a) (requiring leave of court); Civil L.R. 7-9(c) ("No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered."). Accordingly, the Court DENIES that motion.[1]

---

[1] The Court modifies the TRO only insofar as it now clarifies that Respondents are ENJOINED from removing Petitioner from this district in order to preserve the Court's

Petitioner moves the Court for limited, expedited discovery in connection with the June 23, 2026, evidentiary hearing. See Mot. for Disco. (dkt. 27). As indicated at the motion hearing, the Court GRANTS Respondents' request to have until Tuesday, June 16, 2026, to file any opposition to that motion.

Finally, the Court further EXTENDS the TRO in this case through June 23, 2026. There is good cause to extend the TRO through the date of the evidentiary hearing. First, although Respondents assert that ICE "has a valid travel document for Petitioner to return to his country of citizenship" and "[t]herefore there are no impediments to Petition[er]'s removal," see Mot. to Dissolve at 1; see also id. at 3 ("the Government of Laos issued a valid travel document to Petitioner"), the validity of the travel document is not a foregone conclusion. Determining the validity of the travel document is a central purpose of the evidentiary hearing. See Order Granting TRO at 6 ("An important issue in this case, therefore, is whether this document is valid. The Court has a number of questions about the validity of the document. . . . The Court raised these questions at the hearing and will allow the parties time to address them."). If the travel document is invalid, then Petitioner's re-detention may well violate 8 U.S.C. § 1231(a). Second, the Court ruled in granting the TRO that Petitioner was likely to succeed on the merits of his claim that his re-detention violated the governing regulations and therefore his due process rights. See id. at 6–10. Specifically, it is not clear whether (and if so, under what circumstances) Petitioner received an informal interview with an opportunity to respond, or the Notice of Reasons for Revocation. Id. These matters are also central to the evidentiary hearing. See id. at 10 & n.5 ("At best, there appears to be a dispute of fact about these matters. Accordingly, the Court SETS this matter for an evidentiary hearing."). Allowing the TRO to expire before the Court is able to assess the evidence underlying Petitioner's very serious claims at the evidentiary hearing would not be just.

Finally, the Court thanks Respondents for its assurances at the motion hearing that

jurisdiction during the pendency of these proceedings.

ICE will not re-detain Petitioner while the TRO is in place.

**IT IS SO ORDERED.**

Dated: June 12 , 2026

_____
CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

3