IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LIEN LOUNG SAETEUN,

Petitioner,

v.

SERGIO ALBARRAN, et al.,

Respondents.

Case No. 26-cv-04743-CRB

**ORDER GRANTING MOTION FOR EXPEDITED LIMITED DISCOVERY**

Petitioner Lien Loung Saeteun moves for expedited limited discovery in connection with his immigration habeas case. See Mot. (dkt. 27). That motion follows the Court's issuance of a TRO on May 22, 2026. See TRO (dkt. 13). In its TRO, the Court set an evidentiary hearing for June 23, 2026, so that the parties could explore two issues that are central to the habeas petition: (1) the procedures to which Respondents subjected Petitioner at his re-detention on May 19, 2026, and (2) the validity of the travel document on which Respondents rely to justify re-detention. Id. at 6–10. The Court ordered that "the parties may take reasonable discovery in advance of that hearing." Id. at 12–13.

Petitioner's discovery motion focuses precisely on the two primary issues that the Court identified. See Mot. at 3–4.[1] Petitioner therefore meets the good cause standard for discovery in habeas cases. See Smith v. Mahoney, 611 F.3d 978, 996–97 (9th Cir. 2010).

---

[1] The only exception to this is Petitioner's request for "Copies of any rules, regulations, policies, protocols, agreements, memoranda, and/or other records regarding the scheduling and procedures for repatriation flights to Laos, including any such records regarding procedures for non-detained persons to get on such flights." See id. at 5 (item 5). Petitioner has not made a showing that that request is relevant to his habeas petition.

Respondents' opposition to the discovery motion is not well-founded.  First, Respondents re-assert the jurisdictional argument that this Court has already rejected.  See Opp'n (dkt. 30) at 2–3; TRO at 4.  Second, Respondents argue that the discovery motion is a "'fishing expedition' designed for Petitioner to 'explore [his] case in search of its existence.'" Opp'n at 4 (quoting Rich v. Calderon, 187 F.3d 1064, 1067 (9th Cir. 1999)).  Not so. Petitioner has argued that his re-detention on May 19, 2026, violated 7 U.S.C. § 1231(a), the governing regulations, and the Fifth Amendment Due Process Clause.  See TRO at 5. Petitioner has pointed to some evidence supporting those claims.  See id. at 6, 8–9, 10. The Court therefore has "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  See Smith, 611 F.3d at 996–97.  The Court also recognizes that the evidence might not bear out Petitioner's claims.  That is why an evidentiary hearing is so important, along with meaningful, albeit targeted, discovery in advance of that evidentiary hearing.

Accordingly, the Court GRANTS Petitioner's motion, aside from his request regarding repatriation flights.  Respondents shall comply with these discovery requests by the end of the day on June 16, 2026.  Any delay in compliance will be considered in connection with a motion to continue the evidentiary hearing.

**IT IS SO ORDERED.**

Dated: June 15 , 2026

_____
CHARLES R. BREYER
United States District Judge